# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 04 CR 1023 |
| v. ) | |
| ) | Judge John W. Darrah |
| VICTOR ALVAREZ, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

A federal grand jury returned a nineteen-count indictment charging 18 Defendants with various crimes. Count One of the Indictment charges all Defendants in a conspiracy to distribute and possess with intent to distribute crack cocaine. Other charges include possession of a firearm by a convicted felon, possession of a firearm in furtherance of a drug trafficking crime, use of a communication facility in committing and in causing and facilitating the commission of a felony, and possession with intent to distribute a controlled substance. Defendants, Alexis Torres and Edwin Perez ("Perez"), have moved for severance and separate trials.

Torres and Perez, along with the sixteen Co-Defendants, are charged in Count One of the Indictment with "conspiracy to possess with intent to distribute and to distribute controlled substances, namely, in an amount in excess of fifty grams, mixtures containing cocaine base in the form of crack cocaine, and marijuana, in violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2." Neither Torres nor Perez are charged in any of the additional eighteen counts.

As to Torres, Count One alleges that Co-Defendant Richard Perez fronted (provided on credit) crack cocaine to Torres. As to Perez, Count One alleges that Perez, along with other

Co-Defendants, provided crack cocaine and marijuana to other Co-Defendants and brokered transactions between Richard Perez and Perez's source for crack cocaine.

Torres argues that the charge against him is improperly joined with Counts Two through Nineteen.

Federal Rule of Criminal Procedure 8(b) provides for the joinder of defendants.

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b). There is a preference for joint trials of defendants who are indicted together. *See Zafiro v. United States*, 506 U.S. 534, 537 (1993) (*Zafiro*). Joint trials promote efficiency and avoid the inequity of inconsistent verdicts. *See Zafiro*, 506 U.S. at 537.

Whether joinder is proper is determined from the face of the indictment, *see United States v. Bruun*, 809 F.2d 397, 406 (7th Cir. 1987), and depends on the existence of the "same series of acts or transactions, *see United States v. Briscoe*, 896 F.2d 1476, 1515 (7th Cir. 1999) (*Briscoe*). Generally, this means that the acts or transactions are pursuant to a common plan or common scheme, for example, when the acts are part of a single conspiracy. *See United States v. Velasquez*, 772 F.2d 1348, 1353 (7th Cir. 1985). "[A] conspiracy charge is a proper basis for joinder under Rule 8(b)." *United States v. Garner*, 837 F.2d 1404, 1412 (7th Cir. 1987) (*Garner*). "Rule 8(b) only requires that the conspiracy be alleged – there is no requirement that the government demonstrate, at the pleading stage, sufficient evidence to support joinder." *Garner*, 837 F.2d at 1412.

Here, all of the Co-Defendants charged in Counts Two through Nineteen are also charged in Count One. The criminal acts charged in Counts Two through Nineteen refer specifically to Count One, and the criminal activities charged in Counts Two through Nineteen constitute acts that are part of the conspiracy charged in Count One. Counts Two through Nineteen charge Torres' Count One co-conspirators with acts which were part of the same series of acts in carrying out the conspiracy in Count One. Accordingly, Torres and his co-conspirators are properly joined pursuant to Rule 8(b).

Torres and Perez both argue that their case should be severed.

Federal Rule of Criminal Procedure 14 provides, in pertinent part:

> If joinder of . . . defendants in an indictment . . . appears to prejudice a defendant . . . the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14. Even if prejudice is shown, Rule 14 does not require severance; instead, "it leaves the tailoring of relief to be granted, if any, to the district court's sound discretion." *Zafiro*, 506 U.S. at 538-39. Severance should be granted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539.

Actual prejudice could arise if there is a gross disparity of evidence between the defendants or if there is a massive and complex amount of evidence that makes it almost impossible for the jury to separate evidence as to each defendant. *See United States v. Oglesby*, 764 F.2d 1273, 1276 (7th Cir. 1985). However, one of the key questions is whether a jury could follow limiting instructions

3

and keep the evidence against each defendant separate. *See United States v. Peters*, 791 F.2d 1270, 1302 (7th Cir. 1986). Generally, proper limiting instructions to a jury are sufficient to assure that the jury could reach separate conclusions regarding multiple defendants. *See United States v. Smith*, 995 F.2d 662, 671 (7th Cir. 1993); *Briscoe*, 896 F.2d at 1517.

Both Torres and Perez argue that severance is proper because there will be a gross disparity of evidence in the type and amount of evidence against the Co-Defendants charged in Counts Two through Nineteen than that evidence against themselves. However, all of the Defendants are charged in the conspiracy, and the substantive acts charged in the other counts are part of the conspiracy alleged in Count One charging Torres and Perez. Furthermore, proper limiting jury instructions can be given to assure that the jurors consider the evidence against each Defendant separately from evidence admitted only against the other Co-Defendants. Neither Torres nor Perez has demonstrated that there exists a serious risk that a joint trial would impede a jury from making a reliable judgment about guilt or innocence of the individual Defendants.

Perez also argues that severance should be granted because he may seek to have Co-Defendants testify at trial, and those Co-Defendants may invoke their right against self-incrimination. However, Perez's Co-Defendants may invoke their right against self-incrimination even if Perez's trial was severed from the other Defendants. Accordingly, trial of Perez with the other Co-Defendants does not compromise a specific trial right without a severance. *See Zafiro*, 506 U.S. at 539.

For the reasons stated above, Torres' Motion for Severance and Separate Trial is denied. Perez's Motion to Sever is also denied.

Dated: 9-28-05

JOHN W. DARRAH
United States District Judge