IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 04 CR 1023-2 |
| v. ) | |
| ) | Judge John W. Darrah |
| MIGUEL AYALA ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

On November 20, 2004, a complaint was filed in the Northern District of Illinois, charging that from on or about June 2003 until at least June 2004, Defendant Miguel Ayala ("Defendant") and others conspired to possess and distribute in excess of fifty grams of a mixture or substance containing cocaine, in violation of 21 U.S.C. § 846. Defendant was indicted on April 21, 2005, charged with conspiracy to distribute and possess marijuana and cocaine base in the form of crack cocaine, in violation of 21 U.S.C. §§ 841(a) and 846. On September 22, 2006, Defendant pled guilty to Count One of the indictment, holding the Government to its burden of proving the quantity and type of substance named in Count One. The Court held an evidentiary hearing and determined that the type of substance distributed was cocaine base in the form of crack cocaine and that Defendant was responsible for 155.1 grams. This ruling makes Defendant subject to the ten-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A(III)(iii).

Defendant objects to an application of the ten-year mandatory minimum sentence in his case on constitutional and statutory grounds. [Docket No. 766.] First, he contends that the statutory mandatory minimum penalties prescribed in 21 U.S.C. § 841(b) create

1

an unconstitutional disparity between crimes involving powder cocaine and crimes involving crack cocaine, violating the Equal Protection and Due Process Clauses of the Constitution because they impose the same penalty for a quantity of crack cocaine as they do for 100 times as much powder cocaine. Defendant relies on the Supreme Court's decision in *Kimbrough v. United States*, 128 S. Ct. 558 (2007) (*Kimbrough*). Defendant argues the 100:1 ratio for crack cocaine v. powder cocaine sentences has no rational basis. Second, Defendant argues that an application of the mandatory minimum sentence in his case is inconsistent with the sentencing factors under 18 U.S.C. § 3553. Defendant contends the § 3553 factors are mandatory and control, and an appropriate sentence under the factors is between 22 and 41 months.

The Government does not dispute that the Court must consider the § 3553 factors in determining Defendant's sentence; however, the Government contends Defendant's arguments as to an appropriate sentence under § 3553 are moot because the Court is not permitted to impose a sentence below the mandatory minimum sentence imposed in 21 U.S.C. § 841 (120 months), in any case.

The Government's position has merit. *Kimbrough* (nor any other case cited by Defendant) did not hold that the mandatory minimum sentences imposed for crack cocaine offenses violate either the Equal Protection or Due Process Clause or have no rational basis. Nor did *Kimbrough* overrule a decision rejecting constitutional challenges to the 100:1 sentencing ratio.[1] Rather, *Kimbrough* held that the cocaine sentencing

---

[1] The Seventh Circuit has noted that it and the Supreme Court have consistently held that mandatory minimum sentences are not a denial of due process rights. *See U.S. v. Franklin*, 547 F.3d 726, 735 (7th Cir. 2008).

2

guidelines, like other sentencing guidelines, are advisory only; and a district court is permitted to depart from the guidelines when it determines that the crack/powder cocaine disparity embodied in the guidelines yields a sentence greater than necessary in a given case. *Kimbrough,* 128 S. Ct. at 564. However, the *Kimbrough* Court did not hold that district courts do not remain bound by prescribed mandatory minimum sentences. Rather, the Supreme Court stated that "district courts are constrained by [the] mandatory minimums Congress prescribed." *Kimbrough,* 128 S. Ct. at 574.

In sum, Defendant's reliance on *Kimbrough* to support a constitutional attack on the mandatory minimum sentences for crack cocaine offenses is misplaced. *Kimbrough* affirms that the mandatory minimum sentences apply.

Date: January 21, 2009

JOHN W. DARRAH
United States District Court Judge

3